## LEMUEL CUSHING et ux. versus LUCY ADAMS.

An obstruction of a way appurtenant to land in the occupation of a tenant at will, may be an injury to the lessor, although it do not affect the reversion, nor cause an abatement in the rent ; consequently the lessor may maintain an action of the case for such obstruction, upon showing that he has been damnified thereby.

Husband and wife may join in an action of the case for an obstruction of a way appurtenant to the wife's land, in their occupation or possession.

In such an action, an averment in the declaration, that the plaintiffs were seised of the land in demesne as of fee in right of the wife, was *held*, after verdict, to include virtually an averment of occupation or possession.

If a party having a right of way licenses the owner of the soil to build an arch over the way, but such owner unnecessarily and unreasonably obstructs the way in building the arch, an action on the case will lie for the abuse of the license.

ACTION on the case. The declaration set forth, that the plaintiffs, Lemuel Cushing and Fanny, his wife, were *seised in demesne as of fee in her right*, of certain premises, and had, for themselves and servants and tenants, the right to use and enjoy a certain passage way appurtenant to such premises, leading from the street to their woodhouse, as well for a footway as for wheel-barrows and for all other purposes ; and that the defendant dug and injured such way and obstructed it with stones, tubs of mortar and bricks, so that the plaintiffs were totally hindered and deprived of such way.

The defendant pleaded the general issue.

The cause was tried in the Court of Common Pleas, before *Ward* C. J.

The plaintiffs produced in evidence a deed made to the wife before their marriage, by which the premises were conveyed to her in fee, with the right of passing and repassing in the passage way as set forth in the deed. They then produced evidence that the defendant dug down a part of the passage way, so as to form a sudden rise which could not be passed by a wheel-barrow without great efforts, incumbered it with bricks, stones and tubs of mortar for a long time, and placed steps therein.

The defendant produced in evidence certain deeds, to show that she owned the land on both sides of the passage way. She also introduced evidence of a license from the plaintiffs to build an arch over the passage way, and insisted that the obstructions complained of were necessary in building the arch.

It appeared, that the premises mentioned in the declaration, were during the time when the way was alleged to have been so obstructed, in the possession of John Murdock, who occupied them as a tenant at will to the plaintiffs and not under a lease or contract in writing ; and that during such time no abatement was made in the rent on account of the obstructions.

The plaintiffs admitted that they had given a license to the defendant to construct an arch over the passage way, but contended that she had interrupted them in the use of the passage way for a much longer time than was necessary.

The judge instructed the jury, that if they were satisfied, that the plaintiffs owned the estate mentioned in the declaration, and that a right of passing in the passage way was appurtenant to such estate, and that the defendant had disturbed them in the use of it, by digging up a part of it, or placing steps in it and rendering it less useful and convenient to the plaintiffs than it had been before it was so dug up, then the plaintiffs would have a right to recover such damages as they had sustained ; that if the jury were satisfied, that the plaintiffs gave to the defendant a license to build an arch over the passage way, yet if in the construction thereof she had unnecessarily and unreasonably, and for a longer time than was necessary, disturbed 'and interrupted the plaintiffs in the use of the passage way, she could not justify it under such license ; and that although the injury complained of by the plaintiffs, if any was sustained, was done during the coverture, yet, inasmuch as it related to the real estate of the wife, she might join with her husband in this action.

The jury returned a verdict for the plaintiffs.

The defendant excepted to the instructions, as follows : —

1. This being an action on the case to recover damages for an obstruction to a passage way, and the declaration setting forth the seisin of the plaintiffs in the right of the wife, and claiming damages to the husband's own use, in order to entitle the plaintiffs to recover in this form of action, it was necessary to aver in the declaration, damages or injury to the reversion and to prove those damages or injury ; but no such damages or injury were averred or proved.

Cushing
v.
Adams.

2. The injury or damages, if any were proved, were done altogether to the life estate of Lemuel Cushing, who should have sued for such damages alone, without joining his wife.

3. It appearing, that during the whole of the time when such supposed obstructions existed, the premises in respect to which the easement was claimed, were in the occupation of Murdock, a tenant at will, and it not being alleged in the declaration or proved, that the plaintiff, Lemuel Cushing, had, in consequence of the obstructions, reduced the rent of such premises, it was manifest that he had sustained no injury, and that if any injury had been done, it had been sustained by the tenant ; and therefore the defendant contended, that this action could not be maintained at all in the name of either the husband or the wife.

*April 2d.*

*Cook* and *Cruft*, for the defendant, as to the first ground of exception, cited 1 Chitty's Pr. 267 ; 2 Chitty's Pl. (5th Eng ed.) 778, note ; *Jackson* v. *Pesked*, 1 Maule and Selw. 234 ; *Baxter* v. *Taylor*, 4 Barn. & Adolph. 72 ; *Young* v. *Spencer*, 10 Barn. & Cressw. 145 ; *Bedingfield* v. *Onslow*, 3 Lev. 209 ; *Jesser* v. *Gifford*, 4 Burr. 2141 ; as to the second, *Sumner* v. *Tileston*, 7 Pick. 205 ; *Barnes* v. *Hurd*, 11 Mass. R. 59 ; and as to the third, *Baker* v. *Saunderson*, 3 Pick. 352 ; *Sumner* v. *Tileston*, 7 Pick. 198 ; *Barnes* v. *Hurd*, 11 Mass. R. 60.

*Ward* and *A. W. Austin*, for the plaintiffs, to the point, that this action might be maintained by the husband alone, or jointly by the husband and wife, cited *Baker* v. *Brereman*, Cro. Car. 419 ; Com. Dig. *Baron & Feme*, *V* and *X;* Com. Dig. *Pleader*, 2 *A* 1 ; 1 Roll. Abr. 348, *Baron & Feme*, *T*; and to the point, that as the possession of the tenant at will is the possession of the landlord, such tenancy would not preclude the plaintiffs from bringing this action, *Starr* v. *Jackson*, 11 Mass. R. 519 ; *Lienow* v. *Ritchie*, 8 Pick. 235 ; Roscoe on Evid. 380.

*July 2d.*

WILDE J. delivered the opinion of the Court. On the trial of this case in the Court of Common Pleas, several exceptions were taken to the instructions of the Chief Justice to the jury, none of which appear to us to be well founded.

Upon the evidence in the case the jury were instructed, that

f they were satisfied that the plaintiffs owned the estate men-
tioned in the declaration, and that a right of passing was ap-
purtenant to the estate, and that the defendant had disturbed
them in the use of it, the plaintiffs would have a right to recov-
er such damages as they had sustained. It is objected to this
part of the instructions, that no damage could have been sus-
tained by the plaintiffs, but that if there was any injury, it was
wholly done to the tenant. But we cannot know judicially
that the plaintiffs have not been damnified. On the contrary,
we are bound to believe that they have been ; for the jury have
so found ; and whether they were justified in so finding by the
evidence, is a question not open on these exceptions. The
obstruction might have been prejudicial to the plaintiffs ; for
they had a right to enter any time to terminate the lease at will,
or to make repairs, and might have been prevented from so en-
tering by the obstructions, and might thus be induced to con-
tinue a disadvantageous lease, or to suffer the tenements to be
injured for the want of seasonable repairs.

Another exception to this part of the instructions is, that
the plaintiffs cannot recover for any damages, except for dam-
ages done to the wife's reversionary interest, and that the jury
should have been so instructed. But the court was not bound
to give any such instruction, if the distinction were well found-
ed ; for it is no good ground of exception to the charge of the
court to the jury, that some material point has been omitted,
unless on request the court should refuse to charge as request-
ed. We are, however, of opinion that the distinction relied
on, is not well founded.

This case comes within that class of cases in which, for an
injury done to the wife's real estate during coverture, the hus-
band may join the wife, or sue alone. Thus, for trespass on
the wife's land, the husband has the election to sue alone,
or join the wife. So if the wife has a right to all the lop of
certain trees, and the owner cuts them down, the husband and
wife may join. *Tregmiell* v. *Reeve*, Cro. Car. 437. So if
the wife's close has a prescriptive right of way through the
close of another, and the owner of the land erects a building *ex
transverso viæ*, the husband and wife may join in an action to

Cushing
v.
Adams.

recover damages for the stoppage during coverture. Bac. Abt *Bar. & Feme, K.*

The instruction in respect to the license is clearly correct , for although the abuse of a license in fact will not make a person a trespasser *ab initio,* yet undoubtedly an action of the case to recover damages for such an injury, may be well maintained.

In regard to the objection, that the plaintiffs were not in possession during the continuance of the obstruction, that is sufficiently answered by the cases of *Starr* v. *Jackson,* 11 Mass. R. 519, and *Sumner* v. *Tileston,* 7 Pick. 201, wherein it was decided, that the possession of the tenant at will is the possession of the landlord.

Some objections have been made to the declaration ; but we think they cannot be maintained. It is said there is no averment in the declaration, that the plaintiffs were in possession. The averment is, that the plaintiffs were seised in their demesne as of fee, of the premises ; and this virtually includes an averment of occupation or possession. *Bullard* v. *Harrison,* 4 Maule, & Selw. 392.

The objection, that there is no averment in the declaration, that the injury complained of was done to the reversionary interest of the wife, would be a fatal objection even after verdict, if this were an action for an injury done to the reversion ; but as it is an action for an immediate injury to the plaintiffs' possessory interest, this objection is not applicable.

*Judgment of Court of Common Pleas affirmed.*